**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PATRICK CARPENTER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER  07- 0170-JJB-SCR |
| | * | |
| THE BOARD OF SUPERVISORS OF THE | * | JUDGE BRADY |
| LOUISIANA COMMUNITY AND | * | |
| TECHNICAL COLLEGE SYSTEM, ET AL | * | MAGISTRATE RIEDLINGER |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' ANSWER AND DEFENSES**

**NOW INTO COURT**, through undersigned Assistant Attorneys General, come defendants, the Board of Supervisors of the Louisiana Community and Technical College System, Louisiana Board of Regents, Louisiana Technical College (hereinafter referred to collectively and singularly as "LTC"), Kay McDaniel (hereinafter referred to as "McDaniel") and Wayne Meaux (hereinafter referred to as "Meaux"), who answer to the Original, First Supplemental and Second Supplemental and Amended Complaints of Patrick Carpenter, as follows:

**FIRST  DEFENSE**

The Complaint fails to state a claim against defendants upon which relief can be granted.

**SECOND  DEFENSE**

This Court lacks jurisdiction over the subject matter of the present matter, and defendants call for strict proof that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

1

### THIRD  DEFENSE

This Honorable Court lacks jurisdiction over the claims asserted under 42 U.S.C. § 1981 and state law against defendants in the present action since defendants are an arm of the state and are therefore entitled to sovereign immunity under the Eleventh Amendment.

### FOURTH  DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and this Honorable Court lacks subject matter jurisdiction over the present action in that the employment claims asserted in the Complaint fall within the exclusive jurisdiction of the Louisiana Civil Service Commission under Article X, § 12(A) of the Louisiana Constitution.

### FIFTH  DEFENSE

Plaintiff has failed to file a discrimination claim with the Equal Employment Opportunity Commission on his discrimination claim and has further failed to exhaust his remedies available under state law.  Until plaintiff's discrimination claims are brought before and fully investigated by the Equal Employment Opportunity Commission and he has exhausted his state remedies, this Honorable Court lacks jurisdiction over plaintiff's employment discrimination claims, and plaintiff's action in the present case is premature.

### SIXTH  DEFENSE

Defendants affirmatively plead that they have in place a strict anti-discrimination policy, which includes mechanisms for investigating and remediating claims of discrimination, and that they promptly responded to each and every complaint made by plaintiff.

## SEVENTH DEFENSE

The Complaint fails to state a claim for retaliation upon which relief can be granted in that the conduct for which plaintiff alleges he was retaliated against does not constitute activity protected under Title VII.

## EIGHTH DEFENSE

Punitive or exemplary damages may not be awarded against defendants.

## NINETH DEFENSE

Defendants reaver the allegations, denials, and defenses contained in the Motion to Dismiss filed on their behalf to plaintiff's Complaint and incorporates same herein by reference as if copied in extenso.

## TENTH DEFENSE

**AND NOW**, in the answer to the specific paragraphs of the Complaint, defendant, the Department of Labor, states as follows:

I.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 1 of the Complaint.

II.

The allegations in paragraph 2 of the Complaint are admitted only to the extent that defendants the Board of Supervisors of the Louisiana Community and Technical College System, Louisiana Board of Regents and Louisiana Technical College are Louisiana governed and created institutions authorized to and doing business within the confines of the Middle District of Louisiana.

3

III.

The allegations contained in paragraph 3 of the Complaint are denied as written as defendants contend that the Court lacks jurisdiction over this action under 28 U.S.C. Section 1331 (Federal Question Jurisdiction) or 28 U.S.C. Section 1343 (Civil Rights Jurisdiction) in that the civil rights claims contained in the complaint fail as a matter of law. Defendants also contend that this Honorable Court lacks subject matter jurisdiction over the employment related claims asserted in this case as there is no indication from the complaint that plaintiff appealed the alleged wrongful termination on the part of the LTC to the Civil Service Commission.

IV.

The allegations contained in paragraph 4 of the Complaint are denied as written.

V.

The allegations in paragraph 5 of the Complaint are denied as written for lack of sufficient information upon which to justify a reasonable belief therein.

VI.

Defendants admit Mr. Carpenter worked for LTC for approximately 4 years. All other allegations contained in paragraph 6 are denied.

VII.

Defendants admit that they have a strict anti-discrimination policy, which includes mechanisms for investigating and remediating claims of discrimination. All other allegations contained in paragraph 7 of the Complaint are denied.

VIII.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 8 of the Complaint. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiff, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

IX.

Defendants admit that plaintiff was hired as a Student Services Officer III in December 2002. All other allegations in paragraph 9 of the Complaint are denied.

X.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 10 of the Complaint. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XI.

The allegations contained in paragraph 11 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XII.

The allegations contained in paragraph 12 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XIII.

The allegations contained in paragraph 13 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XIV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 14 of the Complaint.

XV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 15 of the Complaint. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XVI.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 16 of the Complaint.

XVII.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 17 of the Complaint.

XVIII.

The allegations contained in paragraph 18 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XIX.

The allegations contained in paragraph 19 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XX.

The allegations contained in paragraph 20 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXI.

The allegations contained in paragraph 21 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXII.

The allegations contained in paragraph 22 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXIII.

The allegations contained in paragraph 23 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXIV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 24 of the Complaint.

XXV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 25 of the Complaint.

XXVI.

The allegations contained in paragraph 26 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXVII.

The allegations contained in paragraph 27 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

XXVIII.

The allegations contained in paragraph 28 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XXIX.

The allegations contained in paragraph 29 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XXX.

The allegations contained in paragraph 30 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XXXI.

The allegations contained in paragraph 31 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XXXII.

Defendants admit that plaintiff was placed on forced annual leave on August 15, 2005. All other allegations in paragraph 32 of the Complaint are denied.

## XXXIII.

The allegations contained in paragraph 33 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to

allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

### XXXIV.

The allegations contained in paragraph 34 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

### XXXV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 35 of the Complaint.

### XXXVI.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 36 of the Complaint. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

### XXXVII.

The allegations contained in paragraph 37 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs,

said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XXXVIII.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 38 of the Complaint.

## XXXIX.

Defendants admit that plaintiff was terminated on January 2, 2007. All other allegations in paragraph 39 of the Complaint are denied.

## XL.

The allegations contained in paragraph 40 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

## XLI.

Since the allegations contained in paragraph 41 of the Complaint have been dismissed, they require no answer of defendants.

## XLII.

The allegations contained in paragraph 42 of the Complaint have been dismissed, they require no answer of defendants.

## XLIII.

Since the allegations contained in paragraph 43 of the Complaint have been dismissed, they require no answer of defendants.

### XLIV.

Since the allegations contained in paragraph 44 of the Complaint have been dismissed, they require no answer of defendants.

### XLV.

The allegations contained in paragraph 45 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

### XLVI.

The allegations contained in paragraph 46 of the Complaint are denied.

### XLVII.

The allegations contained in paragraph 47 of the Complaint require no answer of the defendants.

**ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED COMPLAINT AND JURY DEMAND (¶'S 48 – 70):**

### XLVIII.

The allegations contained in paragraph 48 of the Complaint are admitted only to the extent that McDaniel and Meaux are government officials and that at all times relevant hereto, were acting under color of state law. The remainder of the allegations contained in paragraph 48 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications and/or inferences are specifically denied.

13

XLIX.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 49 of the Complaint.

L.

The allegations contained in paragraph 50 are admitted.

LI.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 51 of the Complaint. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LII.

The allegations contained in paragraph 52 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LIII.

The allegations contained in paragraph 53 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

14

LIV.

The allegations contained in paragraph 54 of the Complaint are denied as written because they materially mischaracterize what transpired. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LV.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 55 of the Complaint.

LVI.

The allegations contained in paragraph 56 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

LVII.

The allegations contained in paragraph 57 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

LVIII.

The allegations contained in paragraph 58 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LIX.

The allegations contained in paragraph 59 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LX.

The allegations contained in paragraph 60 are denied as written.

LXI.

The allegations contained in paragraph 61 of the Complaint are denied as written.

LXII.

The allegations contained in paragraph 62 of the Complaint are denied as written.

LXIII.

The allegations contained in paragraph 63 of the Complaint are denied as written. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXIV.

The allegations contained in paragraph 64 of the Complaint are denied as written. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXV.

16

The allegations contained in paragraph 65 of the Complaint are denied as written. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXVI.

The allegations contained in paragraph 66 (including sections A, B, C, D, E, F, G, H, I, J, K, L and M) of the Complaint are denied as written. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXVII.

The allegations contained in paragraph 67 of the Complaint are denied as written.

LXVIII.

The defendants deny knowledge or information sufficient to form a belief as to the allegations of fact contained in paragraph 68 of the Complaint.

LXIX.

The allegations contained in paragraph 69 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXX.

The allegations contained in paragraph 70 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

**ANSWER TO PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDED COMPLAINT AND JURY DEMAND (¶'S 71 – 74):**

LXXI.

The allegations contained in paragraph 71 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

LXXII.

The allegations contained in paragraph 72 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.

LXXIII.

The allegations contained in paragraph 73 of the Complaint are denied. Insofar as the allegations seek to allege, assert, aver, imply, or infer the defendants are liable in any way to the plaintiffs, said allegations, assertions, averments, implications, and/or inferences are specifically denied.

LXXIV.

The allegations contained in paragraph 74 of the Complaint require no answer of the defendants, but to the extent they may be deemed to require an answer, they are denied.


**NOW FURTHER ANSWERING**, defendants, the Board of Supervisors of the Louisiana Community and Technical College System, Louisiana Board of Regents, Louisiana Technical College, Kay McDaniel and Wayne Meaux respectfully aver the following:

### ELEVENTH DEFENSE

All actions taken by defendants herein were taken in good faith, under the law, with probable cause, and without malice.

### TWELFTH DEFENSE

Defendants specifically plead that they are entitled to and protected by qualified immunity afforded to public officials for acts committed during the course of their official duties.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, laches, and/or prescription.

### FOURTEENTH DEFENSE

Since plaintiff was an unclassified state employee, any and all claims of due process violations under the Fourteenth Amendment are moot.

## FIFTEENTH DEFENSE

The claims brought by the plaintiffs have been brought frivolously, unreasonably, and without foundation in an effort to harass or embarrass defendants; and, as a consequence thereof, defendants are entitled to an award of attorney's fees should they prevail in this action.

**WHEREFORE**, defendants, the Board of Supervisors of the Louisiana Community and Technical College System, Louisiana Board of Regents, Louisiana Technical College, Kay McDaniel and Wayne Meaux pray that this Answer and Defenses be deemed good and sufficient and that after due proceedings are had, there be Judgment herein in their favor, and against the plaintiffs, dismissing plaintiffs' Complaint at their cost, for defendants' attorney's fees, and for all general and equitable relief.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY: <u>s/ Scott Vincent</u>
   Scott G. Vincent
   Bar Roll No. 14478
   Stacey Johnson
   Bar Roll No. 27331

   Assistant Attorneys General
   Louisiana Dept. of Justice
   Litigation Division
   1885 N. 3rd Street, 4th Floor
   P.O. Box 94005
   Baton Rouge, LA 70802
   Telephone: (225) 326-6402
   Facsimile: (225) 326-6495
   Johnsonst@ag.state.la.us
   Vincents@ag.state.la.us

20

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2007, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participant:

James Arruebarrena, Esq.
Aruebarrena & McNamara
1010 Common Street
Suite 300
Metarie, LA  70112

s/ Scott Vincent
Scott G. Vincent #14478
Stacey Johnson # 27331
Attorneys for Defendants
Assistant Attorneys General
Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6402
Facsimile: (225) 326-6495
Johnsonst@ag.state.la.us
Vincents@ag.state.la.us

21