# Affidavit of LaMoyne Williams

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK CARPENTER | * CIVIL ACTION |
| VERSUS | * NUMBER 07- 0170-JJB-SCR |
| THE BOARD OF SUPERVISORS OF THE LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM, ET AL | * JUDGE BRADY <br> * MAGISTRATE RIEDLINGER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF LAMOYNE WILLIAMS

**BEFORE ME**, the undersigned notary public duly qualified in and for the State of Louisiana personally came and appeared

### LAMOYNE D. WILLIAMS

who after being duly sworn did depose and state:

1.

I am an African American male who has been employed by the Louisiana Community and Technical College System for ("the LTC") for 5 years.

2.

I currently hold the position of Chief Workforce Development Officer at Baton Rouge Technical College ("BR Tech").

3.

I have read the allegations contained in plaintiff's original, first supplemental and amended and second supplemental and amended complaints and dispute many of the claims.

4.

Patrick Carpenter and I began working at the LTC on the very same date.

1

5.

I have been promoted three times in since I have worked at the LTC and have never experienced racial discrimination during my tenure.

6.

In August 2005, I was the BR Tech staff member responsible for all financial aid programs (Federal Pell Grant, WIA, TOPS, Vocational Rehabilitation, VA, etc.).

7.

I process an average of 425 Pell Grants per year.

8.

I worked with Mr. Carpenter from February 2005 – September 2006, when he served as Financial Aid Officer after be re-assigned from his position as Coordinator of Corporate and Continuing Education and Safety.

9.

I sent Mr. Carpenter a detailed email, which provided guidance on how to prepare for the responsibilities he would have in the financial aid position. (#27).

10.

I also encouraged Mr. Carpenter to learn the FASFAA application process by filling it out on his computer so he would be able to answer students' questions.

11.

I requested a meeting with Mr. Carpenter, Dr. Brunswick and Dr. McDaniel after a verbal exchange between Mr. Carpenter and myself on April 27, 2005.

12.

During the meeting, Mr. Carpenter admitted that he did not attend all of the training sessions available to him at the LASFA (Louisiana Association of Student Financial Aid Administrators) Conference, nor did he take advantage of the free online training provided by the U.S. Department of Education.

13.

During the meeting, Mr. Carpenter also admitted that he had not read the Pell regulations or practice completing the FASFAA application on his computer so he'd be able to answer students' questions.

14.

I decided to call Dr. McDaniel at approximately 6:00 p.m. on August 11, 2005, when I observed Mr. Carpenter turning students away. (Mr. Carpenter advised one student, who had waited 1 ½ hours to see him, to return the following day).

15.

In addition to turning students away, Mr. Carpenter was also *giving out erroneous information to them*. For instance, Mr. Carpenter was requiring verification materials from

students from students in areas that verification was not required by the US Department of Education.

16.

Mr. Carpenter's unprofessional conduct disrupted the flow of work and drastically affected BR Tech students pre-qualifying for Pell prior to registration for fall 2005.

The above is true and correct based on my personal knowledge and information under penalty of perjury.

*[signature]*
LAMOYNE D. WILLIAMS

**SWORN TO AND SUBSCRIBED** before me this 17th day of March, 2008 at Baton Rouge, Louisiana.

*[signature]*
NOTARY PUBLIC

*[Notary seal: Pat Walton - Notary ID No. 38618, East Baton Rouge Parish, LA]*

4